IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

WINFER "D.D." ABERNATHY                                                PLAINTIFF

v.                          CASE NO. 4:08-CV-4187 WRW

UNION PACIFIC RAILROAD COMPANY                                DEFENDANT

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR RELIEF PURSUANT TO FED.R.CIV.P. 56(F)**

Defendant incorrectly claims that Plaintiff "asks for an extension … yet does not request leave to file a compliant expert report." Doc. 31 at 1. In fact, Plaintiff requested a 60-day continuance "to secure affidavits and/or expert reports" regarding causation. Doc. 25 at 11, 13-15; Doc. 24, ¶12; Doc. 23 ¶12. Plaintiff has amply demonstrated how the additional discovery would preclude summary judgment and why Plaintiff cannot immediately provide the required evidence, which is all that Rule 56(f) requires. Defendant's Response does not seriously dispute that the continuance sought by Plaintiff would allow him to present sufficient evidence to defeat summary judgment. Instead, Defendant attempts, through procedural traps, to deny Plaintiff compensation for his disabling spine injuries. Defendant also does not refute that the trial of this case will exceed the 4 days currently allotted by the Court and that depositions of fact and expert witnesses only recently disclosed by Defendant have yet to be completed. Because these factors weigh strongly in favor of a continuance of trial and the time for responding to Defendant's motion for summary judgment, Plaintiff's motion should be granted.

Defendant's Response reflects a fundamental misunderstanding of the purpose of Rule 56(f) relief and the issue before this Court.[1] Defendant argues that, because Plaintiff *cannot* presently establish a *prima facie* case, the motion for continuance is moot. *E.g.*, Doc. 31 at 1-2. To the contrary, a request for relief under Rule 56(f) would be moot if a plaintiff *could* present evidence to establish a *prima facie* case. Under those circumstances, the plaintiff could simply file its opposition and defeat the motion, and a continuance would be unnecessary. Here, the requested continuance will allow Plaintiff to present the necessary expert testimony regarding causation to preclude summary judgment.

In arguing against a continuance, Defendant claims that Rule 26 clearly requires a formal expert report from a treating physician who opines on the issue of causation. Defendant acknowledges that Plaintiff provided the required expert reports, curriculum vitae, testimony logs and fee schedules for ergonomic expert Robert Andres, rehabilitation expert Terry Cordray, and economic expert Robert Marsh. Doc. 31 at 3. Thus, Defendant's apparent theory is that Plaintiff deliberately chose to disregard a "clear" expert report requirement for the treating physicians, while at the same time providing detailed expert disclosures and reports for three other experts. Defendant's theory is illogical and ignores the plain language of Rule 26 and the advisory committee notes to that rule, and is contrary to the well established jurisprudence.

The Federal Rules draw a clear distinction between retained and non-retained experts. While Rule 26(a)(2)(A) requires a party to disclose "*any* witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705", Rule 26(a)(2)(B) only requires a written report if the witness is "*retained* or specially employed to provide expert testimony in the case." (emphasis added). The advisory committee's note to Rule 26 explicitly contemplates that

---

[1] Indeed, this may be because Defendant is reading the wrong rule. *See* Doc. 31 at 15 (discussing requirements of "Rule 50").

2

treating physicians will not be required to submit expert reports because they are generally not retained or specially employed to provide expert testimony. Fed.R.Civ.P. 26, Adv. Comm. Notes, 1993 Amendments, subdivision (a), ¶(2). This directly undermines Defendant's contention that Rule 26 imposes a report requirement on treating physicians to the same extent as it imposes on retained, non-treating experts. *Cf.* Doc. 31 at 4.[2] The majority of courts which have addressed this issue are in accord that a treating physician who will testify as to causation is not required to submit an expert report. *See* Doc. 25 at 7-9 & n.3 (collecting cases). Indeed, Defendant acknowledges that, at best, this Court's decision in *Brooks* sets forth an "*[i]mplicit*" requirement of an expert report from a treating physician who will testify regarding causation. Doc. 31 at 3 (emphasis added).

Moreover, although Defendant suggests that the scheduling order clearly required expert reports from Plaintiff's treating physicians (*e.g.*, Doc. 31 at 2, 5), Defendant notably fails to identify any specific language setting forth this requirement – and no such language exists. On its face, the scheduling order simply requires disclosure of expert reports in accordance with Rule 26(a)(2) – but does not alter or expand those requirements. Docs. 12, 14. As explained above, Rule 26(a)(2) clearly specifies that the report requirement does not apply to treating physicians. Hence, Plaintiff's counsel did not secure an expert report from any treating doctor based on the good faith belief that such was not required, and in reliance on the plain language of the Rule, the Advisory Committee's comments, and the Court's scheduling order. Plaintiff's motion for continuance seeks to clarify, and act on, the Court's requirements of such an expert.

---

[2] Defendant's citation to the advisory committee's note to Fed.R.Evid. 701 for this point is particularly unavailing. That note states that Rule 701 is intended to prevent a party from calling an expert "in the guise of a layperson." Plaintiff attempts no such thing – his expert disclosures explicitly identified his treating physicians as "medical experts." Doc. 25-2.

To the extent the Court concludes that Dr. Schoedinger may express causation opinions without submitting an expert report, Plaintiff requests a continuance to allow additional time to obtain an affidavit from Dr. Schoedinger to set forth in adequate detail the basis for his opinion that Plaintiff's injuries are causally related to his railroad track maintenance and bridge building labor, and/or to provide similar testimony via deposition. However, if the Court determines that an expert report is required, Plaintiff requests a continuance to allow Dr. Schoedinger to prepare such a report, because such would create a genuine issue of material fact precluding summary judgment. This is the only just result under the circumstances.

It is also significant to note that, although Plaintiff disclosed that his treating doctors would testify regarding causation, Defendant waited six months, and after the expert report deadline had passed, before raising its objection that a report was required. Indeed, just after Plaintiff made his initial disclosures in September 2009, Defendant requested that Plaintiff agree to a continuance, after the parties jointly discussed "the amount of discovery that will be required to ready this action for trial." Doc. 13, ¶2. In the course of those discussions, Defendant never raised the lack of an expert report regarding causation, even though the deadline for disclosures in place at that time had already passed. It would be patently unjust to reward Defendant for lying in wait for such an extended period prior to the amended March 1 deadline before springing this procedural trap, to Plaintiff's greatest prejudice. Such a significant case should be decided on the full merits, not, as Defendant advocates, by a game of procedural "gotcha."

The requested continuance is further justified based on the substantial amount of additional discovery that remains outstanding. Plaintiff must depose Defendant's medical causation expert, Dr. Peeples, as well as Defendant's seven recently disclosed "fact" witnesses. *See* Doc. 25 at 3. Defendant has also just identified three different corporate designees in two

different cities to testify in response to Plaintiff's Rule 30(b)(6) notice.[3] Doc. 25-7; Ex. 3.

Defendant unjustifiably has asserted multiple boilerplate objections to each and every one of

Plaintiff's document requests, and has refused to withdraw the objections on all but two topics.

Exs. 1-3. (Def.'s objections to Rule 30(b)(6) notice; email correspondence; and April 2 letter

from Def.'s counsel). Thus, a motion to compel will likely be necessary before Plaintiff will be

in a position to proceed with the corporate designee deposition. This further supports Plaintiff's

request for a continuance.

Finally, the fact that the trial date will need to be rescheduled also weighs in favor of

granting Plaintiff the requested continuance to respond to summary judgment. Although

Defendant suggests that Plaintiff should have raised the issue of the trial setting sooner, in fact,

Plaintiff only learned a few days before filing the motion that no more than four days were

available for trial, based on the Court's out-of-state trial commitments the following week.

Defendant speculates that there may be fewer than 34 witnesses, but has not specified which

individuals, if any, will definitely not be called at trial. Most telling, however, is that Defendant's

Response does not refute that, before Plaintiff filed its Motion for Relief, its own co-counsel, Mr.

Reinhart, acknowledged that this cumulative trauma FELA case would require more than four

days for trial. For all of these reasons, a reasonable continuance is warranted as requested in

Plaintiff's motion.

**Response to Motion to Strike Dr. Schoedinger's Medical Records**

Defendant also seeks to strike four pages of medical records related to Dr. Schoedinger's

initial evaluation of Plaintiff. The motion seeks to strike the medical records to the extent

---

[3] Defendant's assertion that Plaintiff "has failed to propound a single discovery question to Union Pacific" is inaccurate and misleading. Plaintiff propounded interrogatories and document requests and secured responses to same while the case was pending in Illinois state court. Plaintiff should not now be penalized simply because he did not merely reissue identical discovery requests. Moreover, Plaintiff's Rule 30(b)(6) Notice included a request for production pursuant to Rules 30(b)(2) and 34.

5

Plaintiff seeks to submit them to defeat Defendant's summary judgment motion. Doc. 30, ¶2. Plaintiff has not filed a response to the summary judgment motion and, thus, Plaintiff has not submitted the records for the purpose of defeating summary judgment. Rather, Plaintiff submitted the records in support of his Rule 56(f) motion to show that Defendant was on notice over a year ago that Dr. Schoedinger believed Plaintiff's injuries were causally related to his job with Union Pacific, and that six months ago Plaintiff had designated his treating physicians, including Dr. Schoedinger, as non-retained experts regarding causation, but that Defendant did not object to the lack of any expert reports – until now. Doc. 25 at 2-3; Doc. 25-3. For purposes of providing causation evidence to oppose summary judgment, Plaintiff seeks a continuance to obtain either a detailed affidavit and/or an expert report from Dr. Schoedinger, containing the bases for his opinion and which would comply with Fed.R.Evid. 702. Because Plaintiff has not yet submitted the four pages of medical records as evidence in opposition to summary judgment, Defendant's motion to strike is inapplicable by its own terms or, at least, premature. It would be inefficient for Plaintiff to fully respond to the motion now, because it would be rendered moot if the continuance is granted. If the Court deems a full response necessary, Plaintiff will provide one.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for a continuance pursuant to Rule 56(f) should be granted, to allow Plaintiff to obtain an expert report regarding medical causation, to complete other necessary remaining outstanding discovery, and to afford adequate time for trial on the merits.

Dated: April 5, 2010                    Respectfully submitted,

                                                                     /s/ Nelson G. Wolff
NELSON G. WOLFF
ABN 2006002
SCHLICHTER, BOGARD & DENTON
100 South Fourth Street, Suite 900
St. Louis, Missouri  63102
(314) 621-6115
(314) 621-7151 (fax)
nwolff@uselaws.com

and

Edward T. Oglesby
ABN 89158
Oglesby Law Firm, P.A.
Suite 110 Morgan Keegan Building
100 Morgan Keegan Drive
Little Rock, AR 72202
(501) 664-1000
(501) 644-1012 (fax)
edward@oglesbylaw.com

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

On April 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

James C. Baker
Jamie Huffman Jones
FRIDAY, ELDREDGE & CLARK, LLP
400 W. Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522

Andrew W. Reinhart
KELLY HAYDEN, LLC
525 William Penn Place, Suite 3125
Pittsburgh, PA  15219

COUNSEL FOR DEFENDANT

                                                                       /s/ Nelson G. Wolff