# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**WINFER ABERNATHY**                                                                           **PLAINTIFF**

vs.                                          **4:08CV04187-WRW**

**UNION PACIFIC RAILROAD COMPANY**                                       **DEFENDANT**

## ORDER

Pending is Defendant's Motion for Summary Judgment (Doc. No. 20). Also pending is Plaintiff's Motion to Continue (Doc. No. 23). Defendant has responded, and Plaintiff has replied.[1] Defendant also filed a Motion to Strike (Doc. No. 30). Plaintiff has responded.[2]

Plaintiff filed his Motion to Continue 13 days after Defendant filed its Motion for Summary Judgment -- well before Plaintiff's response was due. Plaintiff asserts that, because Defendant identified numerous experts just days before filing its Motion for Summary Judgment, Plaintiff cannot prepare an effective response. Plaintiff anticipates he needs two-to-three months to complete discovery. Further, Plaintiff maintains he needs more than the currently scheduled four days for trial. Plaintiff asks for this case to be continued and for a new scheduling order to be entered.

Plaintiff also asks the Court to clarify whether he is required to submit an expert report from physicians who will testify regarding causation.[3] My answer is yes, and this is why:

---

[1] Doc. Nos. 31, 34.

[2] Doc. No. 34.

[3] *Id*.

1

When an issue like causation is not disputed, for example, when an accident results in a loss of a limb, there really is no need for expert testimony on that issue. In many cases, however, causation, prognosis and future disability are critical, hotly disputed issues, and ones on which the plaintiff has the burden of proof. When those issues are disputed, in order to allow the opposing party to explore, and the court ultimately to determine, whether the proposed testimony on those issues meets the standards of Fed. R. Evid. 702, the proposed expert witness, including a treating physician, must provide the information required by Fed. R. Civ. P. 26(a)(2)(B).

That does not mean that a treating physician cannot testify at trial; if the physician has been disclosed pursuant to Rule 26(a)(2)(A), the physician may testify as to the nature and extent of the injury he observed and diagnosed, and the treatment that he rendered for that injury. However, without a report satisfying the requirements of Rule 26(a)(2)(B), the treating physician cannot testify as to causation, prognosis or future disability. In extraordinary circumstances, where requiring an expert's report from a treating physician would work undue hardship, a party can move for relief from the report requirement to prevent an unjust result….[4]

There is no consensus among the courts on this issue, and Plaintiff is correct that many courts do not require an expert report from a treating physician who will testify as to causation. But, "[t]he Federal Rules of Civil Procedure have been drafted and revised under the guiding motive of leveling the playing field for all parties so that diligence is rewarded, and surprise is not a tactical weapon utilized by an opponent."[5] I believe the best way to eliminate surprise is by requiring an expert report from a physician testifying about causation.

Defendant relied on an Order from this Court in *Brooks v. Union Pacific R.R. Co.*[6] in support of its position that an expert report is required.[7] While Defendant was correct on the issue of expert reports, I note that *Brooks* was different from this case.

---

[4]*Smith v. Bankers Life & Cas. Co.*, No. 3:05-CV-00130-RP-TJS, 2008 U.S. Dist. Lexis 72110, at *12-13 (S.D. Iowa Jan. 30, 2008).

[5]*Id.* at *20.

[6]No. 4:08CV00444, Doc. No. 41.

[7]Doc. No. 31.

Allowing Plaintiff time to complete discovery, produce expert reports, and respond to Defendant's Motion for Summary Judgment seems appropriate. Accordingly, Plaintiff's Motion to Continue (Doc. No. 23) is GRANTED. A new scheduling order will issue shortly. Defendant's Motion for Summary Judgment (Doc. No. 20) and Motion to Strike (Doc. No. 30) are both DENIED without prejudice.

In view of Plaintiff's protestation that four days is not enough to try this case, the parties are required to submit an estimate of the time required for direct examination of each of their witnesses. This must be done six weeks before the new trial date.

Ten days after the submission of these estimates, each party must submit its estimates of time for cross-examination of the opposing witnesses. I may well impose presumptive limits for direct and cross -- we shall see. There may be something here that doesn't meet the eye, but it appears from my vantage point that this should be a three or four day trial. I will allow the parties to attempt to disabuse me on this point. I expect both side to get-to-the-meat-of-the-coconut on direct and cross for the benefit of their respective clients, and in the interest of the jurors. Depositions during trial, on direct or cross, will not be permitted.

IT IS SO ORDERED this 6th day of April, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE