**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WINFER "D.D." ABERNATHY**                                                         **PLAINTIFF**

**v.**                                              **4:08CV04187-BRW**

**UNION PACIFIC RAILROAD COMPANY**                                          **DEFENDANT**

**ORDER**

Pending is Plaintiff's Motion to Compel Production of Additional 52032 Injury Reports (Doc. No. 48). Defendant has responded,[1] and a telephone conference was held on March 3, 2011.[2] After the telephone conference, the parties again attempted to reach an agreement but were unable to do so.

In January of this year, I granted, in part, Defendant Union Pacific's Motion for Protective Order, limiting production of 52032 reports, which are filled out by injured employees, to the following:

> the 52032 employee reports for bridge welders in the states of Arkansas, Iowa, Illinois, Kansas, and Missouri alleging in whole or in part that any cumulative, repetitive, or musculoskeletal disorder of the back, spine, or neck was caused or aggravated by their work activity with Union Pacific. This production [was] limited to 52032 employee reports from January 6, 2006, through January 6, 2011.[3]

Plaintiff now seeks additional reports because (1) Union Pacific produced only seven reports, and (2) the deposition testimony of George Page, Union Pacific's Rule 30(b)(6) corporate designee, undermines Union Pacific's arguments regarding undue burden and relevance. Mr. Page has performed a system-wide analysis of the rate of non-traumatic injuries

---

[1] Doc. No. 50.

[2] *See* Doc. No. 73.

[3] Doc. No. 47.

for Union Pacific's Maintenance of Way Department.  He has reviewed all 52032 reports systemwide since 2005, and after he reviews these reports, he returns them to the Director of Safety and Reporting Compliance.  The law requires Union Pacific to maintain the 52032 reports for four years, after which they are no longer kept in a central location but instead in the individual claim files throughout the 23-state system.

Plaintiff seeks 52032 reports for all maintenance of way employees (not just bridge welders) system-wide (not limited as previously to five states) from 1998 to present, as well as the corresponding FRA forms, which Union Pacific fills out based on the 52032 reports.  Union Pacific opposes Plaintiff's motion, arguing that the issue was ruled on already and that it's unduly burdensome to require it to produce these 52032 reports when the FRA reports contain substantially the same information and are stored electronically.  Further, Union Pacific maintains that the information sought is not reasonably calculated to lead to the discovery of admissible information.

In his Complaint, Plaintiff alleges that Union Pacific violated the Federal Employers' Liability Act and was negligent, and he was injured as a result of unreasonably unsafe working conditions.  I agree with Plaintiff that if Union Pacific is relying on data from 52032 reports to compile an "incidence rate" report[4] that it intends to rely on at trial, those reports should be available to Plaintiff.  The burden in producing these documents is self-created by Union Pacific's choice not to keep copies of these reports in one location.

In keeping with the broad scope of discovery under Fed. R. Civ. P. 26(b)(1), Plaintiff's Motion to Compel is GRANTED in part and DENIED in part.  Union Pacific is directed to

---

[4]One incidence rate report is actually for the period 1998 through 2004.  (Doc. No. 49-4.)  Mr. Page has reviewed 52032 reports since his contract with Union Pacific began in February 2005.  (Doc. No. 49-1.)

produce 52032 reports for both bridge welders and general track workers (the two positions in which Plaintiff spent the majority of his railroad career), system-wide, alleging in whole or in part that any cumulative, repetitive, or musculoskeletal disorder of the back, spine, or neck was caused or aggravated by their work activity with Union Pacific.  This production is limited to reports from January 1, 2005, to January 6, 2011.[5]  Union Pacific must also produce the corresponding FRA Form F reports.  In addition, because the FRA Form F reports can be produced with little burden to Union Pacific, it is directed to produce FRA Form Fs within the limitations listed above dating back to the day Plaintiff's employment began in 1998.

IT IS SO ORDERED this 9th day of March, 2011.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[5] I see no reason to move forward the cut-off date set in my previous order.  (Doc. No. 50)