**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**WINFER "D.D." ABERNATHY**                                                                **PLAINTIFF**

**v.**                                               **4:08CV04187-BRW**

**UNION PACIFIC RAILROAD COMPANY**                                          **DEFENDANT**

**ORDER**

Pending is Defendant's Motion *in Limine* seeking to exclude evidence of better tools and equipment (Doc. No. 110). Plaintiff has responded.[1] As explained below, the Motion is DENIED.

Defendant contends that Plaintiff should be prohibited from arguing that the failure to provide newer, safer, or better equipment, tools, or work methods was negligent. Defendant is correct that providing the newest or best equipment is not required under FELA.[2] Under FELA, the question is whether Defendant breached its duty to provide a reasonably safe working environment. The standard for relevancy—whether the evidence has *any tendency* to make any fact of consequence more or less probable—is liberal.[3] Evidence of safer alternative equipment or work methods could be relevant to the issue of reasonable care.[4] Accordingly, Defendant's Motion is DENIED.

---

[1] Doc. No. 134.

[2] *Hane v. Nat'l R.R. Passenger Corp.*, 110 F.3d 573, 575 (8th Cir. 1997) (holding that a jury instruction that Amtrak was not required to furnish the latest, best, and safest tools was an accurate statement of law).

[3] Fed. R. Evid. 401 (emphasis added); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993).

[4] *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006); *Cook v. CSX Transp., Inc.*, 6:06-cv-1193, 2008 WL 2275544, at *3 (M.D. Fla. June 2, 2008).

2

IT IS SO ORDERED this 26th day of April, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE