**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**WINFER "D.D." ABERNATHY**                                                         **PLAINTIFF**

v.                                        **4:08CV04187-BRW**

**UNION PACIFIC RAILROAD COMPANY**                          **DEFENDANT**

**ORDER**

Pending is Defendant's Motion for Summary Judgment (Doc. No. 60).  Plaintiff has responded,[1] and Defendant has replied.[2]  For the reasons set forth below, the Motion is DENIED.

On a motion for summary judgment, the question is "whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[3]  Plaintiff brings this action under the Federal Employers' Liability Act ("FELA"), which imposes upon employers a "continuous duty to provide a reasonably safe place to work."[4]  Under FELA, railroad companies are liable to any employee who suffers injury due "in whole or in part" to the railroad's negligence.[5]

Here, Defendant contends that it is entitled to summary judgment because Plaintiff cannot meet his burden of proof regarding causation, breach of duty, or foreseeability. Defendant repeatedly references its *Daubert* motions and makes many of the same arguments it

---

[1]Doc. No. 78.

[2]Doc. No. 101.

[3]*Francisco v. Burlington N. R.R. Co.*, 204 F.3d 787, 789 (8th Cir. 2000).

[4]*Id.* (quoting *Ackley v. Chicago & N. W. Transp. Co.*, 820 F.2d 263, 267 (8th Cir. 1987)).

[5]45 U.S.C. § 51.

1

did in those motions, upon which I have already ruled.[6]  Plaintiff has raised fact issues as to all of these elements—based in good part on his experts' testimony.  Therefore, Defendant's Motion for Summary Judgment for these reasons is DENIED.

Defendant's request for summary judgment on a traumatic injury claim is DENIED as MOOT, because Plaintiff alleges only a cumulative injury.

Finally, Defendant seeks summary judgment on Plaintiff's claim[7] that failure to comply with OSHA's general duty clause[8] constitutes negligence per se.  Plaintiff has indicated that he will not submit a jury instruction on this claim.  Accordingly, Defendant's Motion for Summary Judgment is DENIED as MOOT as to the negligence per se claim.

Whether evidence of a violation of the general duty clause is admissible as evidence of a FELA violation is a separate issue.  To the extent that Defendant is requesting that all evidence regarding the general duty clause be excluded, the motion is denied.

For the reasons stated above, Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED this 5th day of May, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[6] Doc. No. 116.

[7] Doc. No. 1, ¶ 10.e.

[8] "Each employer . . . shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees . . . ." 29 U.S.C. § 654.