IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WINFER "D.D." ABERNATHY**                                                                  **PLAINTIFF**

v.                                    **4:08CV04187-BRW**

**UNION PACIFIC RAILROAD COMPANY**                                               **DEFENDANT**

## ORDER

Pending is Defendant's First General Motion *in Limine* (Doc. No. 117). Plaintiff has responded.[1] As set out below, the Motion is GRANTED in part and DENIED in part.

Plaintiff does not oppose the proposed prohibitions[2] on the following points:

- punitive damages;
- settlement negotiations, settled claims, and buyouts;
- loss of society or companionship, family members' dependence on Plaintiff for financial support;
- Congressional intent in enacting the Federal Employers' Liability Act;
- the following statements: Plaintiff has given a number of years of his life—or the best years of his life—to this company, or Plaintiff has "incurred an injury for this company";
- and the amount jury would put on injury if they were in Plaintiff's shoes.

Accordingly, Defendant's Motion is GRANTED regarding the above, and Plaintiff, his counsel, and his witnesses will not will not present evidence regarding, or argue, these points at trial. I turn now to the disputed topics.

<u>That this lawsuit is Plaintiff's exclusive remedy or that Plaintiff is not eligible to receive workers' compensation benefits.</u>

Defendant contends that it is improper for Plaintiff to argue that this lawsuit is his exclusive remedy because that information is irrelevant and would only confuse the issues and

---

[1] Doc. No. 140.

[2] *See* Doc. No. 118.

1

prejudice Defendant. Defendant cites a Fourth Circuit case[3] affirming the trial court's decision not to allow the plaintiff's counsel to inform the jury that recovery under the FELA was the plaintiff's only possible remedy.

Plaintiff agrees not to refer to the FELA as his "sole and exclusive remedy." However, he contends that the jury should be informed during *voir dire* and in instructions that the FELA provides the sole remedy for injured railroad workers against their employers, and he cannot recover under state workers' compensation laws. The jury instructions in this case will inform the jury of the law,[4] including that Plaintiff's right to recover is governed by federal law as set forth in the FELA, and he cannot seek recovery under state workers' compensation laws. Plaintiff's counsel will be permitted to argue, in summation, that this is Plaintiff's "only day in court," or words to this precise effect.

<u>That the jurors act as safety advocates in this lawsuit or that they send a message with their verdict.</u>

As I stated in *Nice v. ZHRI, Inc.*,[5] it is permissible to ask the jury to "send a message" if counsel does not couch the argument in an inappropriate claim for punitive damages. Therefore, Defendant's motion is denied on this point.

<u>Profits over people.</u>

While generalized statements (without supporting evidence) that Defendants put profits over people would be unduly prejudicial and therefore are prohibited, Plaintiff is not barred from

---

[3] *Stillman v. Norfolk & Western R.R. Co.*, 811 F.2d 834 (4th Cir. 1987).

[4] See *Johnson v. Union Pacific R.R. Co.*, No. 05-373, 2007 WL 2914886, at *3 (D. Neb. Oct. 4, 2007). See also *Battaglia v. Conrail*, No. L-08-1332, 2009 WL 3325903 (Ohio Ct. App. Oct. 16, 2009) (affirming trial court's instruction to jury that a FELA plaintiff was not eligible for workers' compensation).

[5] 105 F. Supp. 2d 1028, 1029–30 (E.D. Ark. 2000).

trying to establish that Defendant was aware of a safety issue and failed to correct it because it did not want to incur the cost associated with the remedy.

### The size or wealth of Defendant or that it is an out-of-state corporation.

Plaintiff agrees not to comment on the size, wealth, or the corporate nature of Defendant unless it is relevant for purposes other than arousing prejudice. If Plaintiff believes that these topics are relevant for some other purpose, counsel must approach the bench before raising them in front of the jury.

### That the railroad industry in general is unsafe or dangerous.

Plaintiff will not make any statements or arguments that the railroad industry is generally unsafe or dangerous.

### Any reference to the loss of society or companionship by Plaintiff's friends or relatives.

As noted above, Plaintiff does not object to Defendant's request regarding loss of society or companionship or family members' dependence on Plaintiff for financial support. Defendant also contends that evidence regarding Plaintiff's family status, or reference to Plaintiff's spouse and children, should be prohibited. Defendant contends that any probative value of bringing out that Plaintiff has a wife and children is outweighed by unfair prejudice.

In this case, Plaintiff is seeking damages for emotional and psychological injuries, pain and suffering, and mental anguish. To the extent that he claims mental suffering resulting from his inability to engage in activities with his family, evidence of Plaintiff's family situation is relevant and admissible.

### Lay witness testimony regarding Plaintiff's medical condition and work capacity.

Plaintiff, as well as his coworkers and managers, can testify to Plaintiff's work ability, to the extent that a proper foundation has been laid. Additionally, Plaintiff can testify to his

medical condition to the extent that his testimony does not require specialized medical knowledge—something that I will be in a better position to judge at trial.

Plaintiff's reputation as an employee.

Defendant argues that evidence that Plaintiff had a reputation for being a good or safe worker is irrelevant and would be prejudicial if admitted. If Defendant offers their expert's opinion that Plaintiff's condition is caused by post-traumatic stress disorder, it appears that evidence of Plaintiff's work habits (perhaps through testimony of his reputation) would be relevant to refute that claim. Accordingly, Defendant's Motion *in Limine* is denied, at this time, on this point.

The requirement of an ergonomics program.

Defendant states that Plaintiff may attempt to have his experts testify at trial regarding the absence of an ergonomics program or a program to teach Defendant's employees about the alleged risk factors for cumulative trauma injuries. Defendant contends that whether it implemented any such program is irrelevant because it had no duty to do so under the FELA, and it could confuse the jury. With proper instruction regarding the law, evidence that a formal ergonomics program would have reduced the risk of injuries, but that Defendant failed to implement one, could be relevant to Defendant's duty to provide a reasonably safe place to work. Accordingly, Defendant's Motion *in Limine* is denied on this point.

Any testimony, argument, reference, or evidence alleging inadequate train crew size because such allegations are determined by the parties' Collective Bargaining Agreement.

Defendant contends that any argument about train crew sizes is precluded and preempted by the Railway Labor Act[6] and the parties' Collective Bargaining Agreement ("CBA").

---

[6] 45 U.S.C. § 151, *et seq*.

4

Although I have no doubt there are express provisions of the CBA governing the size of train crews, Defendant has not shown that these provisions preempt its duty under the FELA to provide a reasonably safe workplace.  Accordingly, Defendant's Motion *in Limine* is denied on this point.

## CONCLUSION

As set forth above, Defendant's First General Motion *in Limine* (Doc. No. 117) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 9th day of May, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE