IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WINFER "D.D." ABERNATHY                                               PLAINTIFF

v.                              NO. 4:08CV04187-BD

UNION PACIFIC RAILROAD COMPANY                                        DEFENDANT

## ORDER

Pending is Defendant Union Pacific Railroad Company's motion for discovery sanctions under Federal Rule of Civil Procedure 37.  (Docket entry #173)  In the motion, Union Pacific claims Plaintiff Winfer "D.D." Abernathy violated the discovery process set forth in the Federal Rules of Civil Procedure and the Court's scheduling order by failing to produce relevant evidence.  Specifically, Union Pacific charges that Mr. Abernathy and/or Dr. Schodinger failed to produce a May 11, 2010 report, in which Dr. Schodinger wrote:

> [Plaintiff] functioned at his usual duties until a second injury which occurred at work; this happening as he was working on a scaffold which was incompletely supported such that as he reached the end of the scaffold while performing his welding duties the scaffold tilted in such a fashion that it began to fall.  The patient states that he jumped to avoid having the scaffold fall upon him and in so doing fell on piling.  The impact occurred on his low back.  Thereafter, he was unable to work.

(#173-1 at pp. 8-10)

Union Pacific contends the report was part of a discovery request, but was not provided until approximately three weeks before trial.  Union Pacific argues this report is relevant to the causation issues in the case.  (#174)

In its motion, Union Pacific asks the Court to sanction Mr. Abernathy for the alleged discovery abuse by dismissing his case or, alternatively, by continuing the trial date, allowing additional discovery, and considering other discovery sanctions. The Court denied Union Pacific's motion to dismiss the case because that sanction would be too extreme under the circumstances (#179). However, the trial date was moved and a ruling on sanctions was deferred until Mr. Abernathy had the opportunity to respond to the motion.

Mr. Abernathy has responded to the motion. (#181) In his response, Mr. Abernathy opposes any sanction and asks the Court not to permit any further discovery in the case. Mr. Abernathy contends that Union Pacific has not produced evidence to support its allegation that the record was intentionally hidden. Further, Mr. Abernathy argues that the May 11, 2010 report of its expert, Dr. Schoedinger, does not describe "any 'new' traumatic event," and that the report should not have been a surprise because Union Pacific could have deduced from billing records that Dr. Schoedinger produced showing an office visit on that date that such a report existed. (#181 at p. 2) Mr. Abernathy asserts that the reasonable explanation for the report not being produced earlier was a inadvertent clerical or filing error by Dr. Schoedinger's office staff. (#181 at p. 3)

Union Pacific, with the Court's permission, filed a reply to the response (#185). In its reply, Union Pacific asks the Court for permission to (1) re-depose Mr. Abernathy on this limited matter; (2) re-depose Drs. Garlapati and Schoedinger on this limited matter;

(3) submit the information to Dr. Peeples for a supplemental report; (4) investigate whether there are additional witnesses to be added, and depose if necessary; (5) file additional dispositive motions and/or motions in limine and/or motions for sanctions as a result of the information and new discovery; (6) amend the exhibit list to include the subject records as exhibits; and (7) defer ruling on the sanctions until it has deposed Mr. Abernathy and Dr. Schoedinger concerning the non-disclosure of the May 11, 2010, report.

As stated in its earlier order, the Court agrees that Union Pacific is entitled to additional discovery on the limited matter of the newly disclosed May 11, 2010, report of Dr. Schoedinger. Accordingly, the Court GRANTS Union Pacific's request to take additional depositions of Mr. Abernathy, Dr. Schoedinger, and Dr. Garlapati. Each deposition shall be limited to three hours and the subjects of the depositions shall be limited to the disclosure and substance of Dr. Schoedinger's May 11, 2010 report.

Union Pacific's request to submit the new information to its expert, Dr. Peeples and, if necessary, for Dr. Peeples to supplement his report is GRANTED.

Union Pacific's request to investigate whether there are additional witnesses to be added and deposed is DENIED without prejudice. If Union Pacific discovers a witness whose testimony would be essential to its defense, it must make a specific motion to add and depose the witness.

Union Pacific's motion to file additional dispositive motions and/or motions in limine and/or motions for sanctions as a result of the information and new discover is DENIED in part and GRANTED in part   The Court does not believe that new evidence will be discovered in the limited depositions that will entitle either party to summary judgment.  Moreover, the Court is committed to setting a trial date before the end of 2011 and will be doing so by separate scheduling order.  Any additional period for filing dispositive motions or motions in limine could delay the trial.

As for Union Pacific's request to file additional motions for sanctions, this request is denied to the extent Union Pacific seeks to file new motions for sanctions related to this matter.  Union Pacific may, however, supplement its pending motion for sanctions after it has had the opportunity to take the depositions of Mr. Abernathy, Dr. Schoedinger, and Dr. Garlapati. Accordingly, this request is GRANTED in part.

Union Pacific's motion to amend its exhibit list to include the newly discovered documents as exhibits is GRANTED.

Finally, Union Pacific's request that the Court defer a ruling on sanctions until it has deposed Mr. Abernathy and Dr. Schoedinger concerning the disclosure of the May 11, 2011, report is GRANTED.  As set forth above, Union Pacific may file a supplement to its motion after it has had the opportunity to conduct the limited depositions, and Mr. Abernathy will have an opportunity to respond to any supplement filed.

Deadlines for the additional limited discovery and trial date will be set by separate order.

IT IS SO ORDERED this 16th day of August, 2011.

                                                                        *[signature]*
                                                         _____
                                                         UNITED STATES MAGISTRATE JUDGE